# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street NW<br>Washington, DC 20520<br><br>　　　　　　　　　　*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 19-cv-2728<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

*First Middle East Delegation FOIA*

7. On April 16, 2019, American Oversight submitted a FOIA request to State, seeking:

> All communications (including emails, WhatsApp messages[1] and other messages on electronic messaging applications, and

---

[1] [Footnote in FOIA request] This delegation was reportedly led by Jared Kushner. *See* [Eliana Johnson, *Kushner To Visit Mideast for Peace Plan Push*, Politico (Feb. 7, 2019, 4:45 PM) https://www.politico.com/story/2019/02/07/kushner-mideast-peace-plan-1157710]. Mr. Kushner's lawyer has reportedly told Congress that Mr. Kushner has used WhatsApp for official communications, including communications with foreign contacts. Nicholas Fandos, *Jared*

> calendar invitations) sent by all State officials while traveling with the U.S. delegation to the Middle East on or about February 25-28, 2019.
>
> American Oversight has limited its request to messages sent by State officials traveling on the above-described delegation to accommodate State and reduce the number of potentially responsive records to be processed. However, American Oversight still requests that full email chains be produced displaying both sent and received messages to which State officials were responding.
>
> Please be sure to include communications generated with any communications device, including phones and laptop computers, provided to State personnel on a temporary basis for foreign travel.

8. American Oversight requested all responsive records from February 20, 2019, through March 1, 2019.

9. By letter dated July 23, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-05255.

10. American Oversight has not received any further communications from State concerning this request.

*Authorization for Military Action Against Iran FOIA*

11. On May 29, 2019, American Oversight submitted a FOIA request to State seeking:

> All records reflecting any legal analysis by State's Office of the Legal Advisor or sent to State by the Office of Legal Counsel at the Department of Justice or any other agency—including, but not limited to, opinions, memoranda, file memos, talking points, emails, or other informal communications—regarding the legality or illegality of conducting a U.S. military action against

---

*Kushner and Ivanka Trump Use Private Accounts for Official Business, Their Lawyer Says*, N.Y. TIMES, Mar. 21, 2019, https://www.nytimes.com/2019/03/21/us/politics/jared-kushner-whatsapp.html. Consequently, a search reasonably calculated to uncover all relevant communications must include a search of electronic messages on messaging applications.

3

     Iran or any part of the Iranian state under the September 14, 2001 Authorization for the Use of Military Force ("AUMF") or regarding the need to obtain specific congressional authorization to conduct a U.S. military action against Iran or any part of the Iranian state.

12. American Oversight requested all responsive records from January 20, 2017, through the date the search is conducted.

13. By letter dated July 26, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-06548.

14. American Oversight has received no further communications from State concerning this request.

*Charles Faulkner Ethics FOIA*

15. On July 3, 2019, American Oversight submitted a FOIA request to State seeking:

1) Any conflicts or ethics waivers or authorizations for former Acting Assistant Secretary and Deputy Assistant Secretary of Legislative Affairs Charles Faulkner.

2) Records reflecting any recusal determinations made or issued for former Acting Assistant Secretary and Deputy Assistant Secretary of Legislative Affairs Charles Faulkner.

16. American Oversight requested all responsive records from May 8, 2017, through the date of the search.

17. By letter dated August 6, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-07653.

18. American Oversight has not received any further communications from State concerning this request.

*Faulkner External Communications FOIA*

19. Also on July 3, 2019, American Oversight submitted a FOIA request to State seeking:

1. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms—such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp[]— telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material exchanged before or after meetings, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) former Acting Assistant Secretary and Deputy Assistant Secretary of Legislative Affairs Charles Faulkner (including any communications on which Mr. Faulkner was copied (cc'ed) or blind copied (bcc'ed), and (2) any of the entities listed below, including any individuals representing those entities:

    i. BGR Group (bgrdc.com)
    ii. Raytheon (raytheon.com)
    iii. American Defense International (americandefense.com)
    iv. C Baker Consulting (cbakerconsulting.com)
    v. Cassidy & Assoc. (cassidy.com)
    vi. DLA Piper (dlapiper.com)
    vii. Etherton & Assoc. (ethertonandassociates.com)
    viii. FifeStrategies LLC (fifestrategies.com)
    ix. Holland & Knight (hklaw.com)
    x. Innovative Federal Strategies (innofed.com)
    xi. O'Brien, Gentry & Scott (obrienllc.com)
    xii. Rasky Partners (rasky.com)
    xiii. Vantageknight Inc (vantageknight.com)
    xiv. Vectre Corp (vectrecorp.com)

2. All email communications (including email messages, email attachments, or calendar invitations) <u>sent</u> by former Acting Assistant Secretary and Deputy Assistant Secretary of Legislative Affairs Charles Faulkner to any email address ending in .com, .org, .net, .ae, or .sa.

20. American Oversight requested all responsive records from May 8, 2017, through the date of the search.

21. By letter dated August 7, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-07655.

22.     American Oversight has not received any further communications from State concerning this request.

*Second Middle East Delegation FOIA*

23.     On July 30, 2019, American Oversight submitted a FOIA request to State seeking:

1. All email communications between (1) U.S. Special Representative for Iran Brian Hook and (2) the below specified individuals or email domains, during the U.S. delegations to the Middle East led by White House Senior Advisor Jared Kushner, on or about February 25-28, 2019; May 27-31, 2019; June 25-26, 2019, and July 29-31, 2019.

    i. Jared Kushner, including the email address jck@who.eop.gov, any email addresses ending in @ijkfamily.com, and as any other official or non-official or personal email addresses associated with Mr. Kushner or any of his assistants;
    ii. Avrahm "Avi" Berkowitz, including any official .gov email address, as well as any non-official or personal email addresses associated with Mr. Berkowitz;
    iii. Any email address ending in .com/.net/.org/.mail/.edu/.us/.il/.sa.

2. All WhatsApp messages[2] sent or received by U.S. Special Representative for Iran Brian Hook during the delegations to the Middle East led by Jared Kushner, on or about February 25-28, 2019; May 27-31, 2019; June 25-26, 2019, and July 29-31, 2019.

Please be sure to include communications generated with any communications device, including phones and laptop computers, provided to State personnel on a temporary basis for foreign travel.

Please provide all responsive records for the full travel dates of the delegations listed above. American Oversight has provided approximate delegation dates as reported in press, however if those dates differ from the

---

[2] [Footnote in FOIA request] These delegations were reportedly led by Jared Kushner. *See* [Eliana Johnson, *Kushner To Visit Mideast for Peace Plan Push*, Politico (Feb. 7, 2019, 4:45 PM) https://www.politico.com/story/2019/02/07/kushner-mideast-peace-plan-1157710]; Holland, *supra* note 1. Mr. Kushner's lawyer has reportedly told Congress that Mr. Kushner has used WhatsApp for official communications, including communications with foreign contacts. Nicholas Fandos, *Jared Kushner and Ivanka Trump Use Private Accounts for Official Business, Their Lawyer Says*, N.Y. TIMES, Mar. 21, 2019, https://www.nytimes.com/2019/03/21/us/politics/jared-kushner-whatsapp.html. Consequently, a search reasonably calculated to uncover all relevant communications must include a search of electronic messages on messaging applications.

ones provided above, please provide responsive records from the actual travel dates. To be clear, if the first delegation departed on February 24, 2019, and returned on February 29, 2019, please provide all responsive records from those dates rather than from February 25-28, 2019.

24. By letter dated August 6, 2019, State acknowledged receipt of this request and assigned the request tracking number F-2019-08461.

25. American Oversight has not received any further communications from State concerning this request.

*Exhaustion of Administrative Remedies*

26. As of the date of this complaint, Defendant has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27. Through Defendant's failure to respond to Plaintiff's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records**

28. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. Plaintiff properly requested records within the possession, custody, and control of Defendant.

30. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

31. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

32. Defendant's failure to conduct an adequate search for responsive records violates FOIA.

33. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

34. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. Plaintiff properly requested records within the possession, custody, and control of Defendant.

36. Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

37. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

38. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

39. Defendant's failure to provide all non-exempt responsive records violates FOIA.

40.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 12, 2019                    Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton

D.C. Bar No. 1002367

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
sara.creighton@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*